MAINE MILK COMMISSION
*vs.*
CUMBERLAND FARMS NORTHERN, INC.

Kennebec County.   Opinion, December 3, 1964.

*John W. Benoit, Esq., Asst. Atty. General,* for Plaintiff.

*Berman, Berman, Wernick & Flaherty,*
    by: *Sidney W. Wernick, Esq.,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ.   MARDEN, J., did not sit.

SIDDALL, J.   Maine Milk Commission, hereafter called Commission, brought a complaint against Cumberland Farms Northern, Inc., seeking to enjoin it against certain action.   The justice below denied the injunction and dismissed the complaint.   The Commission appealed.

The record discloses that the Commission had fixed minimum prices for the retail sales of milk.   Cumberland sold milk at the established minimum prices, and at the time of

purchase delivered to the purchaser a coupon stating that a certain sum would be refunded to the purchaser upon presentation of the coupon "when the Maine consumer milk price fix is adjudicated retrospectively unconstitutional."

The statute upon which the fixing of prices of milk is based has been declared constitutional in an opinion certified contemporaneously with this opinion in the case of *Maine Milk Commission* v. *Cumberland Farms Northern, Inc.,* Law Court Docket #577. In the face of this opinion the coupons have no value at this time. That being so, the question before this court is whether they were issued in violation of the Milk Commission Law.

The pertinent statutory provision reads as follows:

"It shall be unlawful for any person to engage in any practice destructive of the scheduled minimum prices for milk established under the provisions of this chapter for any market, including but not limited to any discount, rebate, gratuity, advertising allowance or combination price for milk with any other commodity."
R. S., 1954, Chap. 33, Sec. 4.

It is the contention of Cumberland that the retrospective unconstitutionality of the consumer price fixed is the sole factor allowing the return of the money. In such an event, Cumberland argues, the price fixed is a nullity and void, and the issuing of the coupons cannot be deemed in legal effect a destruction of the price schedule as a gratuity, rebate or discount.

The recent case of *Burlington Food Stores, Inc.* v. *Hoffman* (N. J.), 198 A. (2nd) 106 (1964), 82 N. J. Super. 452, decided after hearing below in this case, presents facts similar to the instant case. In that case Burlington distributed with the sale of milk at minimum prices coupons identical in all pertinent respects with the coupons issued in the instant case. The Milk Control Act of New Jersey prohibited

a licensee from giving or lending anything of value to any customer served or solicited to be served by the licensee. In concluding that the refund coupons constituted a violation of law the court said:

> "Do the coupons which have been issued and distributed by Cumberland and Burlington constitute something of value? Counsel for the companies contends that the coupons have no value at the present moment. If, however, the contingencies upon which their redemption rests should occur, then the legislation which supports Regulation H-5 will have been declared to be null and void retroactively, so that no minimum price structure could be said to have validly existed during the time the Emergency Milk Control Law of 1962, as amended, was in effect. It is therefore argued that the present distribution of coupons is entirely legal.

> We hold that the coupons do represent something of value, notwithstanding the fact that the obligation to redeem is conditional and contingent and will expire after a time. Comparable refund coupons issued by milk dealers were determined to be things of value, within the meaning and intendment of Regulation H-5, in Hoffman v. Garden State Farms, Inc., above, 76 N. J. Super. 193, 184 A. 2d 6 (Ch. Div. 1962).
> * * * *
> Obviously, as one might reasonably have surmised, patrons to whom the coupons are issued believe that they are receiving something of value. And Cumberland and Burlington must impliedly attribute some value to their coupons, otherwise they would be indulging in a deceptive practice in distributing them — a suggestion they violently reject. These licensees are deriving the same competitive advantage as would ordinarily result from a cut in prices. If their coupons are given the stamp of approval, one can reasonably anticipate a flood of similar devices, all gauged to undermine the minimum retail price structure now in

effect." See *Milk Control Comm'n* v. *Rieck Dairy Division,* etc., quoted above.

In the instant case the statute prohibits any person from engaging in any practice destructive of the scheduled minimum prices for milk, included but not limited to any discount, rebate, or gratuity.

In order that a complete wording of the coupon as issued may be before us, we reproduce it in its entirety as follows:

12¢ COUPON

This coupon redeemable in cash to the holder when the Maine consumer milk price fix is adjudicated retrospectively unconstitutional so as to nullify the minimum milk price fixed for this date.    No. 7175   A

Coupons must be redeemed within 3 months of the date of adjudication with cash register receipt attached.

*CUMBERLAND FARMS

*Operated by Pine Cone Food Stores, Inc.

We hold that Cumberland, in issuing these coupons was engaged in a practice destructive of the scheduled minimum prices of milk by offering an inducement to purchase. Notwithstanding the fact that the obligation to redeem is contingent, its customers are purchasing milk on better terms than they can receive from competitors who offer no expectation of a rebate. To allow such and similar practices to exist would bring chaos to the milk industry. Furthermore, a careful reading of the coupon, and of the contemporary advertising material, convinces us that many unsuspecting customers have been led to believe that the Maine consumer milk prices would be adjudicated unconstitutional. The spirit as well as the letter of the law has been violated by the issuance of these coupons.

Cumberland should have been permanently enjoined from doing the acts set forth in the prayer of the Commission for injunctive relief.

The entry will be

> *Appeal sustained. Case remanded to the Superior Court for Kennebec County for entry of a decree in accordance with this opinion.*